I guess it should be Bondi at this point, and I see Ms. Wang. You reserve three minutes for rebuttal and you can begin whenever you're ready. Good morning, Your Honors. May it please the Court. The issue before this panel has precedential value. As this Court stated in Rama v. Mayorkas, there is an open question as to whether we have jurisdiction to review any aspect of a USCIS decision denying discretionary relief such as, bless you, such as status adjustment outside of a removal proceeding. Wilkinson, as the Supreme Court held, that federal courts have jurisdiction to review a USCIS decision to deny adjustment of status for questions of law. Before you get to that, Ms. Wang, the government didn't spend a lot of time on this, but I'm curious why we couldn't just look at subsection two, which is clear. I think you could concede that a discretionary decision by the AG or the Secretary of Homeland Security under subsection two strips the courts of jurisdiction, correct? Right. Right. I was arguing that. In your brief, I think you say that that's true, right? Right. So the question is, if we conclude, I know you disagree, but if we were to conclude that this was certainly a discretionary decision, we could rely on subsection two without even reaching subsection one, right? No, because the overall is 1252, and the title of 1252 is Judicial Review of Orders of Removal. And so the jurisdiction stripping clause of paragraph B must be read consistent with paragraph D, which gives courts jurisdiction. And so the two have to be consistent with each other. So just like all the other- I understand that. One is essentially a catch-all that applies to other types of decisions beyond those under subsection one. They're two independent jurisdiction stripping provisions, right? Right. And there is another provision that gives jurisdiction, which is two paragraphs below that in D. And what does it give? Who does it give jurisdiction to? It does state the Court of Appeals, but-  So how does that help you? I don't understand that. Did you bring this in the Court of Appeals? Well- Did you bring this in the Court of Appeals? Not in the first instance, because it's under the APA. Right, so you didn't, right? We're not here on a petition for review. Right. So how does that help you when you brought it to the district court, and we're reviewing whether the district court was correct? Well, that would be a problematic issue of law, because if, as the government asserts, that B strips jurisdiction regardless of subclause I or double I, then D must apply. But because D only refers to petitions for review, then there would be no review for B. B, if you look at subclause I, is part and parcel adjustment of status, as well as cancellation of removal, as well as voluntary departure. And these reliefs are granted by immigration court solely. And when an immigration court denies relief, they issue an order of removal that is then appealed to the BIA, which goes to the Circuit Court of Appeals. But if adjustment of status by USCIS is not- is covered under I or double I, but then is not covered under D, then that would be inconsistent with the other provisions of- Can you explain to me why you think this was not an exercise of discretion? I don't think the USCIS could have been clearer when it says, after weighing the positive and negative equities in your case, USCIS has determined that you do not warrant a favorable exercise of discretion. And in the paragraph above that, it gives like six reasons why, in its discretion, it believes that your client should not receive adjustment of status. So how do you argue that they did not- they were not exercising discretion? Because they didn't even make a statutory decision. And as this court- I don't understand what that means. The 1255 is unlike 1155 that the Supreme Court recently decided and brought off us. 1255 has statutory requirements. Statutory eligibility requirements. There are so many things in the law where there's a- we say there's a two-step process, right? Exactly. Versus statutory eligibility, and second is a discretionary decision. If you're eligible, should discretion be exercised? Exactly. And in all of those areas that I'm aware of, we do not require agencies or lower courts to sequentially follow those steps. So, for example, in sentencing, if someone is looking for a motion for compassionate release, sentence reduction, first they have to establish statutory eligibility. And then second, if they're eligible, the court has to exercise its discretion to grant a reduction. And we have said the court need not find eligibility, and we need not review the eligibility determination if the discretionary determination is made and valid. And I can think of all sorts of things where we have said similar things. Why is this different from, as far as I can tell, every other area where we have a two-step process like that? Well, immigration is not criminal. And the Supreme Court has held in Wilkinson- Qualified immunity, then. Qualified immunity in the civil context, where we first have to ask whether there was a violation of a right, and then we then ask whether the law was clearly established. And the Supreme Court and we have said, well, you don't have to do that in sequence. You could skip right to the second step, the qualified immunity step. So there we go. Here's a simple thing. So criminal is not a distinction. Tell me why this is somehow different. Well, specifically in the immigration context, and per the Supreme Court in Wilkinson, they have stated it's a two-step process. And this court in multiple prior cases have stated that adjusting the status- But just because it's a two-step process doesn't mean you have to address both. In Patel, which is an immigration case, the Supreme Court said, if the judge decides that denial would be appropriate regardless of eligibility, the judge need not address eligibility at all. So that's what the Supreme Court has said in the immigration context, as well as, as Judge Nardini pointed out, numerous other contexts. Just because you have a two-step process doesn't mean you have to do both. Wilkinson came after Patel, and Guerrera also is in line with the issue that Wilkinson- There would be no point for a statutory requirement if you can just skip the statutory requirement altogether and just deny based on discretion.  What if the agency said, look, if this were up to us and our matter of discretion, we would grant this relief in a heartbeat. But we're so sorry, you're not eligible. That would be pointful. No, you said there would be no point in having a statute like that. There would very much be a point to doing that, right? But that's not what 1255 states. That's not what 1255 states. That would be more of a statute in line with 1155, which was the Morafa decision, whereas 1255 has statutory requirements. And if there's no- If not only the statutory requirements, but pegging discretionary- Using the D word when really you're talking about statutory issues is also- All right, we understand this, Mike. Thank you. You reserve three minutes for rebuttal. F aside. Thank you. All right, and we have Ms. McGarvey- Can you pronounce your last name for me? Ms. McGarvey-Deput- It's McGarvey-Deput, yes. Thank you, Your Honor. Go ahead. May it please the court, my name is Mary McGarvey-Deput, and I represent the appellees. This court should affirm the district court's decision because the district court correctly determined it lacks subject matter jurisdiction to review USCIS's discretionary decision denying plaintiff's adjustment application because judicial review was barred by 8 USC 1252 A2BI. The statute's very clear. Despite what plaintiff's counsel argues about the title of 1252, if you look at the language of 1252 A2B, it specifically says it applies whether or not the judgment, decision, or action was made in whether it was made in removal proceedings or not. We've never . . . this is a matter of first impression here. I think you would agree. In your brief, Patel . . . all the cases you cite, Patel, Lawless, Guiadin, are all cases that involved removal, not a decision by the USCIS. To the extent we are . . . I understand your argument, but to the extent we are applying Patel now to a denial adjustment by the USCIS, that would be the first time this court would be doing that. Other circuits have done that. You cite them in your brief. All of them have done that. But am I correct that we have never extended Patel in that way? Well, I think . . . You cite a summary order. I was on that panel where in a footnote we specifically reserved this precise issue, and I don't see any decision since that summary order in 2023 where we have done what you're asking us to do here. Correct, but I think . . . But when you look at the statute, the statute 1252, it says regardless of whether the decision is made in removal proceedings or not. But I think . . . The idea is that a judgment refers to some type of court proceeding. The argument is that the word judgment reflects some type of judicial proceeding as opposed to an agency determination. That's the argument. Your Honor, Patel answered a lot of the arguments that plaintiff has made today, but it also answers this point. In reviewing, the Supreme Court looked at all the different definitions that the parties and the amicus had about what does judgment mean, and the court said that the definition that fit best was that judgment is any authoritative decision. Further, in Patel, at the time, you're right, Rockman, the court exercised hypothetical jurisdiction, but Rockman, the district court decision, if I'm not mistaken, was pre-Patel. Now we have Patel. And Patel further tells us that when you look at 1252A2BI, any judgment regarding relief sought under 1255, any and regarding are also supposed to be given very expansive breath. And also, the Supreme Court in Patel said that any judgment regarding covers discretionary or nondiscretionary. It basically got rid of the discretionary, nondiscretionary or eligibility discretionary. Is there any reason that double I would not apply here even if subsection I did not apply? Well, I think we're bound to use subsection I because subsection I specifically, Congress specifically inserted 8 U.S.C. 1255. And 8 U.S.C. 1255 is the only statute under which both USCIS and immigration courts can have power to decide adjustment applications, which is- So can I just ask you, are you saying that subsections little Roman I and II are mutually exclusive? They can't both apply to a particular issue? That in other words, I guess I'm looking at II where it says any other decision that's discretionary. And are you saying, I think, that any other decision means if it's not covered by little I? Yes. So even if some of the things in little I are committed to the discretion of the Attorney General or the Secretary of Homeland Security, you're saying they can't be covered by little II? I guess I'm not sure I necessarily read it that way, but maybe that is. Maybe what you're saying is you can only fall into one bucket, even if logically you could fall into two buckets. If you're covered by I, as a matter of law, you can't be covered by II? Well, I think when you look at the- Well, when you look at the statutory language and you also look at Patel and the breadth that it gave to Roman I and also its further guidance that Roman II is a catch-all provision, basically designed to capture all the other decisions or actions that may not be in the five statutes. That's what I mean. You're saying that it's only other. So it only can apply if something is not covered by I? There's no Venn diagram where II can overlap with I? I know, Your Honor, because especially given the very broad reading of any judgment regarding in Roman I, to me- If we were to assume little I did not apply, we assume that, okay? I know you don't agree with that, but we assume it doesn't apply. Wouldn't it be permissible to say, but II would definitely apply if whatever reason little I does not apply. Certainly the catch-all would apply because this is a decision of the Attorney General, right? A discretionary decision of the Attorney General, or am I missing something? The concern is by using Roman II, we are not abiding by Congress' determination that Roman I applies to eight USC 1255 decisions, and that's what this decision is here. What if we said we don't need to decide whether it's covered by little I or little II because it's got to be covered by one of them? So if it is a judgment, then of course it's under 1255, and if it's not a judgment, it's certainly discretionary, and therefore we don't need to decide whether it's I or II because either way, review is precluded. Would it be necessary for us to decide exactly which of the paragraphs are covered if we determine that of necessity it has to be under one or the other? To provide guidance to . . . No, not whether it's a good idea. I'm asking whether as a legal matter we would need to make that conclusion in order to come to a ruling in this case. I think the court should come to a determination that I applies instead of II for a number of reasons. Number one is because the guidance given in Patel is explicit, and by deferring the question of whether I or II applies, it could unnecessarily open up questions as to whether Patel's clear judgment about how broad judgment, the term judgment is supposed to be read, especially with the terms any and regarding, and also the fact that when in Patel, that Patel went through the pains of getting rid of the discretionary, non-discretionary determination, that it would provide confusion, and I would just note that many courts, including many circuit courts, have held that 1252A2BI not only applies to USCIS decisions, but it also applies in those cases where an eligibility determination is made, and just one final point, too, I'd like to make is that to the extent that plaintiff complains that there was no eligibility determination made in the lengthy five-page decision showing all the reasons why USCIS exercises discretion to deny her adjustment application, in INSB-BAGAS-MASBOD, the Supreme Court advised us that it was not necessary to include that, and plaintiff hasn't pointed to a statute, a regulation, or any on-point case where it says that in order for a USCIS decision to be sufficient, it must include an eligibility determination even where the decision is based on discretion. If I may, Your Honor, I just wanted to make one or two additional points. There's no evidence supporting plaintiff's speculative theory that USCIS cloaked an eligibility determination in a discretionary decision. If anything, plaintiff's arguments are simply an abusive discretion claim cloaked in a claim that there's a legal question of law for this court to answer. Moreover, Wilkinson, as Your Honor noted, does not apply here. That Wilkinson applied to 8 U.S.C. 1252 A.2.D., which clearly states that it only applies to petitions for review to the court of appeals. The district court could never have exercised jurisdiction under 1252 A.2.D. to conduct the review that plaintiff sought, and also this court should not do it because this is not a petition for review. All right. We understand that point. Thank you. We'll hear from Ms. Wang, who has three minutes to move on. Thank you, Your Honor. Thank you, Your Honor. To respond to your panelist's question to the appellee, it doesn't matter if it's a clause I or a double I because what matters is 1252. This is not an order of removal. And if you say that either clause applies, then you're saying that 1252 applies and that this is an order of removal, but it's not an order of removal. This is completely outside the context of an order of removal. So if we're nitpicky about the word court of appeals, then why are we not nitpicky about the order of removal title of this entire section? Because this entire section should not apply. The government cites the D.C. Circuit, the 7th Circuit, the 11th Circuit, the 4th Circuit, that have all concluded that Patel and Little I extends to a U.S. CIS decision, including numerous district court cases. Do you have any case that has concluded what you're arguing here, that Little I does not apply? Yes. Well, Wilkinson, right? The Wilkinson court stated, Wilkinson does not dispute that 1252A2B1I generally strips courts of jurisdiction to review cancellation of removal decisions, which is in that I clause. Cancellation of removal is next to 1255, adjustment of status. He argues instead that 1252A2D restores jurisdiction, which is what we're arguing. Okay. All right. Loper Bright, the Supreme Court in Loper Bright, has stated, quote, that is not to say that Congress cannot or does not confer discretionary authority on agencies. Congress may do so subject to constitutional limits, and often has. But to stay out of discretionary policymaking, judges need only to fulfill their obligations under the APA, and the APA- And Your Honor, just one last point. The time is up. Okay, thanks. 1255, the language itself requires statutory eligibility to be terminated. Thank you. Thank you, Your Honor.